**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

---

BRAYANT ANTONIO REYES-JARQUIN,

Petitioner,

v. No. 2:26-cv-00330-MLG-DLM

KRISTI NOEM, in her official capacity as Secretary of the Department of Homeland Security; PAMELA BONDI, in her official capacity as Attorney General of the United States; TODD M. LYONS, in his official capacity as Acting Director and Senior Official Performing the Duties of the Director of U.S. Immigration and Customs Enforcement; and MARISA FLORES, in her official capacity as Field Office Director of the El Paso Field Office of U.S. Immigration and Customs Enforcement, Enforcement and Removal Operations; and WARDEN, in their official capacity as Warden of the Torrance County Detention Facility,

Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

This matter is before the Court on Petitioner Brayant Antonio Reyes-Jarquin's Verified Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. Section 2241 ("Petition"). Doc. 1. Reyes-Jarquin was detained on January 10, 2026, in Minneapolis, Minnesota. Doc. 1 ¶¶ 39, 42. On April 22, 2025, Reyes-Jarquin's "asylum and related applications" were denied by an immigration judge, and Reyes-Jarquin's subsequent appeal to the Board of Immigration Appeals has been pending since May 21, 2025. Doc. 1 ¶ 40. Reyes-Jarquin challenges his continued detention without a bond hearing and seeks his immediate release or an individualized bond hearing. Doc. 1 at 12.

Respondents[1] do not contest the facts presented in the Petition. *See* Doc. 6. Rather, they challenge his eligibility for a bond hearing pursuant to 8 U.S.C. Section 1226(a),[2] and maintain, for purposes of preservation, that Petitioner is subject to the mandatory detention provisions provided for in Section 1225(b)(2).[3] Doc. 6 at 1-2. However, this Court's previous holdings clearly establish that Section 1226(a) applies to noncitizens detained in the interior of the country subsequent to their entry. *Wilson v. Blanche*, No. 1:26-CV-01244-MLG-JFR, 2026 WL 2137793 *1 (D.N.M. July 22, 2026). Respondents concede that their position on the application of Section 1225(b)(2) is contrary to the law in the District of New Mexico. Doc. 6 at 2.

After Respondents and Reyes-Jarquin filed their pleadings, the Tenth Circuit issued its decision in *Santillan Quiroz v. Mullin*, which ruled that that "noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." 180 F.4th 1226, 1237 (10th Cir. 2026). That holding applies here, and the Court concludes that Section 1226(a) governs Reyes-Jarquin's detention. Doc. 1 ¶¶ 38-39. Accordingly, the Court finds that Reyes-Jarquin's petition should be granted.

Next, the Court must determine what relief is appropriate. In habeas corpus proceedings, "a federal court 'possesses power to grant *any form of relief necessary* to satisfy the requirement

---

[1] The Court uses "Federal Respondents" to refer to all Respondents in this matter other than the Warden of Torrance County Detention Facility.

[2] "On a warrant issued by the Attorney General, a[] [noncitizen] may be arrested and detained pending a decision on whether the [noncitizen] is to be removed from the United States . . . and pending such decision, the Attorney General . . . *may* release the [noncitizen] on . . . bond of at least $1,500 . . . ." § 1226(a) (emphasis added).

[3] "[I]n the case of a[] [noncitizen] who is an applicant for admission, if the examining immigration officer determines that a[] [noncitizen] seeking admission is not clearly and beyond a doubt entitled to be admitted, the [noncitizen] *shall* be detained for a proceeding under section 1229a." § 1225(b)(2) (emphasis added).

of justice.'" *Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992) (quoting *Levy v. Dillon*, 415 F.2d 1263, 1265 (10th Cir. 1969)). The Court finds that Reyes-Jarquin's detention without a bond hearing therefore constitutes an ongoing violation of his right to due process under the Fifth Amendment to the United States Constitution. *See Diallo v. Orozco*, No. 2:26-cv-00066, 2026 WL 608746, at *3-4 (D.N.M. Mar. 4, 2026) (ordering immediate release of a petitioner who had been released on his own recognizance and was then re-detained without first receiving a pre-deprivation hearing). Immediate release is therefore the appropriate remedy for the due process violation in this case. *See Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("The typical remedy for [unlawful executive] detention is, of course, release."); *see also Sosa v. De Azbarra*, No. 1:26-cv-01167-SMD-GJF, 2026 WL 1453999, at *3 (D.N.M. May 22, 2026) (ordering a petitioner's immediate release rather than a bond hearing); *cf. Cruz-Reyes v. Bondi*, 818 F. Supp. 3d 875, 887 (S.D. Tex. 2026) ("Ordering a bond hearing under § 1226(a), after [the petitioner] has been taken into custody [and erroneously detained under a mandatory detention provision], cannot make up for the lack of an initial, individualized determination process by ICE.").

It is hereby ordered:

1. Respondents must immediately release (no later than forty-eight hours from this Order's filing) Reyes-Jarquin from custody.

2. Respondents must file a status report with the Court by 5 p.m. September 17, 2026, confirming Reyes-Jarquin's release from custody.

It is so ordered.

UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA